By the Court.—Sedgwick, J.
The testimony given came short of proving that the holding over of defendant was involuntary on his part, even if that were finally to be determined by his consideration of the state of health of the lady who was sick. There was no proof that her life would have been imperiled or her illness aggravated by her leaving the house on or shortly before the first of May. The physician did not see her from April 22 until May 3. He gave some not very positive testimony that her state on May 3 was such as to make it hazardous to remove her. He did not remember whether she was confined to her bed on the 22nd day of April, and he testified that he couldn’t say, that on the first day of May she could not have been moved without hazard to her health. This, with the testimony of her relatives as to her health, would not have justified the jury in saying that this defendant had proved that she could not have been removed safely.
This placing the decision upon the evidence, is not meant to imply that if there was danger to her life or health in moving her, that the defendant would not have been liable.
The exceptions are overruled, and judgment for plaintiff is ordered to be entered on the verdict with costs.
Sanford, J., concurred.